892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin BOLAN, Defendant-Appellant.
 No. 89-5177.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 8, 1989.
Decided: Nov. 30, 1989.
 
 Michael J. Cassidy, for appellant.
 Henry E. Hudson, United States Attorney; Paul G. Cassell, Assistant United States Attorney; Keith Donahoe, Third-Year Law Student, for appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Benjamin Bolan was convicted by a jury on June 23, 1989, of assault with a dangerous weapon resulting in serious injury in violation of 18 U.S.C. § 113(f), and possession of a sharp instrument by a prisoner in violation of 18 U.S.C. § 13 (assimilating Va.Code Ann. § 53.1-203(4) (1988)). He was sentenced to 112 months under the United States Sentencing Guidelines. Bolan appeals his conviction asserting that the district court judge erred by refusing to give the jury a "missing witness" instruction as Bolan requested. We affirm the conviction.
 
 
 2
 Bolan was an inmate at Lortan Reformatory in Lorton, Virginia, when the events giving rise to his conviction took place. Testimony given at trial establishes that on the evening of August 27, 1988, Bolan and another Lorton inmate, Ernest Roach, argued loudly over the use of a chair in one of the facility's television rooms. The argument was temporarily settled by a guard who intervened, but Bolan remained angry and told a nearby witness he was "going to do" Roach. Moments later, Bolan charged Roach from behind and stabbed him repeatedly in the back of the neck with a shank. There were two eyewitnesses to the attack. Prison guards quickly stepped in and restrained Bolan and Roach.
 
 
 3
 The witnesses who saw the attack testified on behalf of the government. They described what took place and the extent of Roach's injuries, which were significant. The guard who settled the argument between Bolan and Roach and who later helped restrain the two after the stabbing also testified. The government made arrangements for Roach to take the stand as well, but apparently he lost his way en route to court and never showed up. At the close of the government's case, Bolan declined to put forward any evidence but did ask for a "missing witness" instruction to the jury based upon the government's failure to produce Roach. Bolan assigns as error the district court judge's refusal to do so.
 
 
 4
 A missing witness instruction is one that a judge may give to a jury if the judge feels that a party's failure to call a witness permits an inference that the witness's testimony would be adverse to the party's case. A leading commentator explains the instruction as part of the principle "that the failure of a party to produce available evidence that would help decide an issue may justify an inference that the evidence would be unfavorable to the party to whom it is available." 2 C. Wright, Federal Practice and Procedure § 489 (1982). To qualify for such an instruction two requirements must be met. It must be shown that the party who has failed to call the witness has it peculiarly within its power to produce the witness. The witness's testimony in turn must "elucidate" issues important to the trial, as opposed to being cumulative of other evidence already heard. See, e.g., United States v. Rollins, 862 F.2d 1282, 1297-98 (7th Cir.1988). The decision to give a missing witness instruction or not is left to the district court's discretion.
 
 
 5
 In this instance we find that the district court acted well within its discretion. The judge found specifically that Roach's testimony would only corroborate that of previous witnesses who described the argument between the inmates, the assault itself, and the extent of injuries suffered by Roach. Bolan has not indicated why Roach's testimony was essential to shed light on any issue relevant to the case. Bolan has also failed to show that Roach was available as a witness only to the government and not to Bolan himself. The record indicates that Roach's absence was due to circumstances beyond the control of either party and that the government was very keen to have him appear at trial. Bolan has thus failed to satisfy the requisites for the instruction he seeks and cannot demonstrate that the district court abused its discretion.
 
 
 6
 The district court inadvertently listed 18 U.S.C. § 113(c) as the offense of conviction in its original judgment but corrected it to read § 113(f) upon a motion by the government. The correction renders Bolan's challenge to the length of his sentence meritless.
 
 
 7
 AFFIRMED.